IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case No.    CV-09-354-E-BLW |
| | ) | CR-05-245-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| DOROTEO ESTRADA-JASSO, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

Pending before the Court is Doroteo Estrada-Jasso's ("Estrada") Motion to

Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to

28 U.S.C. § 2255 (Docket No. 1 in CV-09-354-E-BLW).  Having reviewed the

Motion, the Government's Response, (Docket No. 4) and Estrada's Reply (Docket

No. 8)[1] as well as the record in the underlying criminal case, the Court enters the

---

[1]  Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, CR-05-245-E-BLW.

**Memorandum Decision and Order - 1**

following Order dismissing the § 2255 Motion.[2]

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.    Background and Summary of Issues

On December 8, 2005, Estrada was charged along with two other individuals with conspiracy to possess/distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).  Estrada was also charged with possession with intent to distribute or distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

On October 31, 2006, the parties entered into a Plea Agreement (Docket No. 67) in which the Government agreed to dismiss the possession count in return for Estrada's plea of guilty to the conspiracy count.  The Factual Basis portion of the Plea Agreement  stated that between January 2002 and April 2005, Estrada agreed with others to possess with intent to distribute in excess of 500 grams of methamphetamine and that he knowingly delivered to those individuals in excess of one kilogram of methamphetamine.

On November 6, 2006, at the time set for entry of a plea of guilty to the conspiracy count, the Court addressed a letter received from Estrada in which

_____

[2]  The Court will not consider Estrada's Supplemental Brief (Docket No. 9 in civil case) as it is untimely.

**Memorandum Decision and Order - 2**

Estrada expressed his dissatisfaction with his then-current counsel.   Docket No.
72.  The Court found that irreconcilable differences existed between Estrada and
counsel and granted Estrada's request for appointment of new counsel.  *Minutes*
(Docket No. 75).  The Court also granted the Government's oral motion to
withdraw the Plea Agreement.  *Id*.

　　　With the advice of new counsel, Estrada entered into a second Plea
Agreement (Docket No. 92) that was identical to the first.  He again agreed to
plead guilty to the conspiracy count in return for the Government's agreement to
dismiss the possession count.  On December 15, 2006, Estrada entered a plea of
guilty to the conspiracy count before U. S. Magistrate Larry M. Boyle, and the case
was set for sentencing.

　　　Prior to sentencing, defense counsel filed his Objections/Response to
Presentence Report (Docket No. 110) which contained detailed challenges to the
drug quantity calculation.  The Presentence Report had found the drug quantity to
be 29 kilograms for a base offense level of 38.  Counsel argued that the base
offense level should be 32 based on the quantity of at least 500 grams but less than
1.5 kilograms of methamphetamine that he agreed he sold.  He further objected to
the 4-level increase for being a leader or organizer and argued that his criminal
history category of V overstated his actual criminal history.

**Memorandum Decision and Order - 3**

Counsel also filed a Sentencing Memorandum (Docket No. 112) in which he supported his position on the drug quantity and role issues and urged a sentence below the 360 to life range determined by the Probation Officer.  Counsel specifically argued factors such as Estrada's then-current age (46), his age at the onset of his criminal history (37, with first felony at 44), and entitlement to a sentence similar to that expected for his two co-Defendants.  He concluded with a request for a sentence of 120 months, the statutory minimum for the offense of conviction.

On March 12, 2007, the Court heard testimony from Estrada's co-Defendants and two Idaho State Police officers involved in the investigation of the drug conspiracy.  Defense counsel again requested a sentence of 120 months.  The Court overruled the objections, determined that the appropriate total offense level was 42[3] resulting in a guideline range of 360 months to life, and imposed a sentence of 360 months.

On March 19, 2007, counsel filed a notice of appeal (Docket No. 117) on behalf of Estrada and a motion to withdraw (Docket No. 118).  On November 28, 2008, the appeal was dismissed on the grounds that the waiver of his right to

---

[3]  The total offense level of 42 consists of a base offense level of 38 and a 4-level enhancement for role in the offense.  The Court found that Estrada was not entitled to a reduction for acceptance of responsibility.

**Memorandum Decision and Order - 4**

appeal contained in the Plea Agreement was knowing and voluntary.  *USCA Memorandum* (Docket No. 140).  Estrada thereafter filed his timely § 2255 Motion.

In his § 2255 Motion and supporting Memorandum, Estrada alleges that his plea was coerced and that he received ineffective assistance of counsel at both the trial and appellate level.  He requests that he be resentenced at the "correct" guideline range.  He refers to "significant documentation" and "significant information" in support of his ineffective assistance of counsel claims.  *§ 2255 Mem.* at 2; 6; 8.

**B.     Standard of Law**

**1.     28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a

**Memorandum Decision and Order - 5**

federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

### 2.    Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of

**Memorandum Decision and Order - 6**

counsel claims is deficient performance and resulting prejudice.  *See Strickland v. Washington*, 466 U. S. 668 (1984).  Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.  *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  Under the performance prong, there is a strong presumption that counsel's  performance falls "within the wide range of reasonable professional assistance."  *Id*. at 689.  This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ."  *Id.*  For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight."  *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).   In evaluating the performance prong, the court should "assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance."  *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the

**Memorandum Decision and Order - 7**

result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.

The *Strickland* standard is "highly demanding."  *Kimmelman,* 477 U.S. at 381-82.

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment."  *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland*  test in either order.  *Strickland*, 466 U.S. at 697.  Furthermore, the Court need not consider one component if there is an insufficient showing of the other.  *Id.*

## C.   Discussion

### 1.   Involuntary Plea

Estrada claims that he was coerced into entering the Plea Agreement by counsel who did not explain the terms of the Plea Agreement to him and who stated that he would receive no more than a 10-year sentence.  The Court views this claim with skepticism in part because it is belied by not only the Plea Agreement itself but also by the plea colloquy, and in part due to other claims discussed below that are obviously rebutted by the record.

**Memorandum Decision and Order - 8**

### a.   Plea Agreement

In the Plea Agreement, which recited that the offense was punishable by a term of imprisonment of 10 years to life, Estrada acknowledged that his plea was voluntary and did not result from force, threats, or promises other than those made in the Plea Agreement. *Plea Agreement* ¶ I.A.  He acknowledged that "any estimate of the likely sentence received from any source [was] a prediction and not a promise," that the Court had "the final authority to decide what the sentence will be,"  and that "the Court [had] complete discretion to impose a sentence other than the sentence recommended, including the maximum sentence possible for the crimes to which [he] had pled."  *Plea Agreement* ¶ V.A.  By his signature, he acknowledged that he had read the Plea Agreement with his attorney and understood its provisions.  *Plea Agreement* ¶ XIII.  Most significantly, he acknowledged that

> No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, no person has, directly or indirectly, threatened or coerced me to do, or refrain from doing, anything in connection with any aspect of this case, including entering a plea of guilty.  I am satisfied with my attorney's advice and representation in this case.

*Plea Agreement* ¶ XIII.

**Memorandum Decision and Order - 9**

Unlike most defendants who come before the Court, Estrada essentially entered into the same Plea Agreement twice.  Therefore, he presumably had the terms explained to him twice as well.

### b.    Plea Hearing

At the change of plea hearing, Judge Boyle verified that despite being a Mexican citizen, Estrada spoke fluent English and did not need an interpreter. *Plea Tr.* 3-4.  Estrada testified that he had adequate time to discuss his case with counsel and that he was fully satisfied in every respect with his representation. *Plea Tr.* 8.  He further testified that he understood that he was pleading guilty to a conspiracy count that had a possible penalty of 10 years to life imprisonment and that the mandatory minimum was 10 years.  *Plea Tr.* 11.  He agreed with the factual basis of the Plea Agreement as summarized by the Government.  *Plea Tr.* 12-13.

Most relevant to the issue at hand, Estrada denied that anyone threatened him or forced him in any way to plead guilty, testified that he went over every provision of the Plea Agreement with counsel before signing it, and denied that anyone made a prediction or a promise as to what his sentence would be other than what was contained in the Plea Agreement.  *Plea Tr.* 14-15.  Finally, Estrada acknowledged that he understood that the sentencing judge would not be bound by

**Memorandum Decision and Order - 10**

any stipulations or recommendations in the Plea Agreement  but would determine his sentence by considering the guideline range, his criminal history, any possible departures, and other relevant sentencing factors.  *Plea Tr.* 16-18.  In response to Judge Boyle's inquiry whether he had any questions about what was discussed, Estrada responded, "None at all."  *Plea Tr.* 19.  He responded further that he understood everything discussed and had reviewed most of it with counsel.  *Plea Tr.* 19-20.

Sworn statements made in open court at the time of a plea hearing carry a strong presumption of verity and are entitled to great weight.  *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also U.S. v. Kazcynski*, 239 F.3d 1108, 1114-15 (9th Cir. 2001) ("substantial weight" must be given to in-court statements).  While that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, contentions that in the face of the record are "wholly incredible" are subject to summary dismissal.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  *See also United States v. Moore*, 599 F.2d 310, 313-14 (9th Cir. 1979) (denying claim as "conclusory and contradicted by the record" where allegations about attorney's performance during plea stage were vague, counsel's statement in open court that they had ample time to discuss the case were uncontradicted, court thoroughly

**Memorandum Decision and Order - 11**

advised the defendant of the rights she was waiving by pleading guilty, and nothing in the record suggested there had been a breakdown of attorney-client relations).

Here, the allegations in Estrada's § 2255 Motion are directly contradicted by his sworn testimony in the record. The Court finds that Estrada's contentions are "wholly incredible" in light of that record. Furthermore, Estrada at no time until he filed the § 2255 Motion did Estrada raise the issue that counsel told him he would receive a sentence of no more than 10 years. He did not raise it at sentencing, in his Rule 35 motion (Docket No. 116), or on appeal.[4] *See Watts v. United States*, 841 F.2d 275, 278 (9th Cir. 1988) (finding the court did not err in dismissing the § 2255 motion without an evidentiary hearing because "It is impossible to believe that if Watts had thought he was to receive a sentence of no more than 20 years rather than the life sentence he was given . . . , he would not have mentioned this obviously relevant inconsistency in his Rule 35 motion and in his correspondence with Judge Duenas. Watts' earlier silence refutes his present allegations."). Therefore, Estrada's claim of coerced plea is subject to dismissal.

---

[4] On appeal, he argued that his appeal waiver was not valid because he was not adequately advised of the rights he was waiving with regard to appeals because of a insufficient Rule 11 colloquy that was not cured at sentencing. The Ninth Circuit rejected that argument and dismissed the appeal based on a valid appeal waiver. Notably, he did not argue that his plea was involuntary because counsel promised that his sentence would not exceed ten years.

**Memorandum Decision and Order - 12**

2.    **Ineffective Assistance of Counsel**

a.    **Appellate Counsel**

Ineffective assistance of counsel claims against appellate counsel are reviewed against the *Strickland* standard. *See Bailey v. Newland*, 263 F.3d 1022, 1028 (9th Cir. 2001) (citing *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989)). As stated above, mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah*, 878 F.2d at 1161.

Here, Estrada has not alleged any facts supporting a claim of ineffective assistance of appellate counsel. Rather than identify the manner in which counsel's performance was deficient or issues that counsel failed to raise, he merely makes a generalized conclusory statement of ineffective assistance. Therefore, his claim of ineffective assistance of appellate counsel is subject to dismissal.

b.    **Trial Counsel**

Estrada alleges that trial counsel was ineffective at the plea stage, failed to investigate and impeach witnesses on the drug quantity issue at sentencing, failed to object to the drug quantity, and failed to file a notice of appeal.

**Plea Stage**

**Memorandum Decision and Order - 13**

The *Strickland* two-part test is applicable to a case in which a defendant contends that his counsel was constitutionally inadequate during the guilty plea process. *Hill v. Lockhart*, 474 U.S. 54, 58 (1985).

As demonstrated above, Estrada's vague and conclusory allegations that counsel was ineffective and failed to explain the terms of the Plea Agreement are directly contradicted by his sworn testimony at the plea hearing. Furthermore, the Court finds it significant that two experienced CJA panel defense recommended that Estrada accept the Plea Agreement offered by the Government.

**Failure to Object to Drug Quantity**

As stated above, the record reflects that counsel filed detailed objections to the paragraphs in the Presentence Report on which the drug quantity was based as well as to the ultimate calculation. He also submitted a sentencing memorandum in which Estrada "adamantly denie[d]" that he sold 44.4 kilograms of methamphetamine and 109.7 grams of ICE as determined in draft the Presentence Report,[5] that he had "employees," that he used others to collect drug debts, or that he dictated how others distributed drugs. Finally, contrary to Estrada's allegations, the transcript of the sentencing hearing reflects that a significant portion of the testimony went to the issue of drug quantity. Accordingly, Estrada's claim that

---

[5] In response to Estrada's objections, the Presentence Report was revised to reflect a drug quantity of 29 grams.

**Memorandum Decision and Order - 14**

counsel failed to object to the drug quantity is directly rebutted by the record and subject to dismissal. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977) ("palpably incredible" or "patently frivolous" claims warrant summary dismissal).

**<u>Failure to Investigate and Impeach</u>**

In the context of an ineffective assistance of counsel claim for failure to impeach, courts determine prejudice by considering (1) the strength of the prosecution's case, (2) the effectiveness of the defense absent the impeachment evidence, and (3) the potential impeachment value of the evidence not introduced. *See Stephens v. Hall*, 294 F.3d 210, 218 (1st Cir. 2002).

Estrada's claim that a more effective impeachment would have resulted in a lesser drug quantity is highly speculative. He alleged no facts regarding what could have been discovered through additional investigation or that could have been elicited using a more effective form of impeachment. Nor did he allege that counsel had information available to him with which he could have impeached the witnesses but failed to use. The Court cannot determine the effectiveness of the defense absent the impeachment evidence or the potential value of evidence not introduced when none is advanced. Indeed, a review of the sentencing hearing transcript reveals that counsel adequately impeached the witnesses. However, despite counsel's efforts, the testimony of the Government's four witnesses was

**Memorandum Decision and Order - 15**

overwhelming, corroborating, and consistent.

The record reflects that counsel's cross examination of co-Defendant Trina Parker focused on eliciting testimony that she purchased methamphetamine from four to six other sources "unrelated to Mr. Estrada" during the relevant time period, that she traveled to Ogden, Utah, three times to purchase methamphetamine from another source, and that she purchased "a lot" of methamphetamine from one of the other sources.  *Sent. Tr.*  26 - 29.  Counsel also elicited testimony from Ms. Parker that she did not actually purchase methamphetamine from Estrada every single day.  *Sent. Tr.* 30-31.

Counsel elicited testimony from co-Defendant James Cook that the methamphetamine on his person at the time of his arrest did not come from Estrada, that he did not maintain a drug ledger that would support his testimony regarding how much methamphetamine he received from Estrada, that he was a methamphetamine user at the time, and that he did not receive methamphetamine from Estrada on a set schedule.  *Sent. Tr.* 44-46.

Counsel elicited testimony from Officer Fulmer that he could not verify that a Ms. Giovanni had made large cash deposits on behalf of Estrada, that it was a possibility that she was lying about making the deposits, that she probably had other sources of supply, and that he never saw Estrada personally at the address

**Memorandum Decision and Order - 16**

where drug transactions were allegedly occurring.  *Sent. Tr.*  67-72.

Finally, counsel elicited testimony from Officer Kemp that Estrada was in and out of custody during the relevant time period several times, thus preventing him from selling drugs during much of the time period.  *Sent. Tr.* 81-83.

Despite counsel's impeachment attempts, the Court ultimately found the witnesses' testimony credible because it constituted admissions against interest, the testimony of the witnesses was internally consistent, and there was no double counting.  *Sent. Tr.* 96-97.

It is apparent that the credible, corroborating testimony of four witnesses rather than any lack of effort on counsel's part to investigate or impeach led to the result in this case.  Therefore, Estrada's claim is subject to dismissal.

## Failure to File Notice of Appeal

The record also reflects that defense counsel filed a timely notice of appeal. *See Notice of Appeal* (Docket No. 117).  Counsel concurrently filed a Notice of Withdrawal (Docket No. 118).  New counsel was appointed to represent Estrada on appeal.  *Order* (Docket No. 130).  Following briefing by the parties, the Ninth Circuit dismissed the appeal based on a valid appeal waiver.  Accordingly, Estrada's claim that counsel failed to file a notice of appeal is directly rebutted by the record and subject to dismissal.  *See Blackledge, id.*

**Memorandum Decision and Order - 17**

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[6]   When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong.  *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Recently amended Rule 11 of the Rules Governing § 2255 Proceedings provides that the district court must issue or deny a certificate of appealability at

---

[6]   The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction.  *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997).  Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**Memorandum Decision and Order - 18**

the time it enters a final order adverse to the movant.  Rule 11(a), 28 U.S.C. foll.

§ 2255.  After carefully considering the record and the relevant case law, the Court

finds that reasonable jurists would not find the Court's determination regarding

Estrada's claims of coerced plea or ineffective assistance of trial and appellate

counsel to be debatable or wrong.  Accordingly, a certificate of appealability will

not issue.

## CONCLUSION

Estrada's claims are either rebutted by the record or vague and conclusory.

Nowhere does he provide the "significant documentation" and "significant

information" that he alleged would support his claims.  As *Bell* recognized, it is

tempting for a defendant to second-guess counsel's assistance after receiving an

adverse sentence.  *Bell*, 535 U.S. at 702.  However, second-guessing without more

is not sufficient to justify relief under 28 U.S.C. § 2255.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Doroteo Estrada-

Jasso's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal

Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in CV-09-354-E-BLW) is

DISMISSED.

IT IS FURTHER HEREBY ORDERED that no certificate of appealability

**Memorandum Decision and Order - 19**

shall issue.  Estrada is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.  To do so, he must file a timely notice of appeal.

IT IS FURTHER HEREBY ORDERED that if Estrada files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

IT IS FURTHER HEREBY ORDERED that Case No. CV-09-354-E-BLW is DISMISSED with prejudice.

DATED:  **June 6, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 20**