UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>DOROTEO ESTRADA-JASSO,<br><br>Defendant-Movant. | Civil Case No. 4:09-cv-00354-BLW<br>Criminal Case No: 4:05-cr-00245-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Doroteo Estrada-Jasso's ("Estrada") Motion Requesting Relief From an Unjust Sentence Pursuant to Fed. R. Civ. P. 60(b)(6), *see* Crim. Dkt. 170,[1] which the Court will construe as a motion for relief under 28 U.S.C. § 2255. Having reviewed the motion and the record in this case and the underlying criminal case, the Court will dismiss the motion for lack of jurisdiction.

## BACKGROUND

On December 8, 2005, Estrada was charged with conspiracy to possess/distribute

---

[1] Throughout this decision, the phrase "Crim. Dkt." refers to docket entries in the criminal case, *United States v. Estrada-Jasso*, Case No. 4:05-cr-245-BLW (D. Idaho). The phrase "Civ. Dkt." refers to docket entries in this civil case, *United States v. Estrada-Jasso*, 4:09-cv-354-BLW (D. Idaho).

500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Estrada was also charged with possession with intent to distribute or distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Estrada pleaded guilty to the conspiracy count, and the government agreed to dismiss the possession count. *See* Cr. Dkt. 92 (Plea Agreement). During the sentencing hearing, and in his briefing filed before the hearing, defense counsel asked the Court to impose a 120-month sentence. *See* Cr. Dkt. 112. Counsel argued that such a sentence was warranted given Estrada's age (46 at the time of sentencing); his age at the onset of criminal history (37, with his first felony at 44); and the sentences received by his co-defendants.

The Court was not persuaded and imposed a 360-month sentence. During the sentencing hearing, the Court explained that it was troubled by the amount of methamphetamine involved, observing that "the defendant here distributed almost 20 kilograms of methamphetamine, by my calculation." *Transcript,* Crim. Dkt. 135, at 110. The Court also observed that although Estrada expressed remorse for what had happened to him, he did not seem to express concern about the "tens, if not hundreds or perhaps even thousands of lives that were destroyed through the methamphetamine that he distributed." *Id.* at 112. For these and other reasons, the Court rejected defense counsel's argument for a lesser sentence.

Estrada appealed his sentence, but the Ninth Circuit dismissed the appeal determining that Estrada had waived his right to appeal. *See* Crim. Dkts. 117, 118, 140.

Estrada later filed a motion under 28 U.S.C. § 2255 with this Court. Civ. Dkt. 1. In his § 2255 motion, Estrada argued his plea was coerced and that he received ineffective assistance of counsel at both the trial and appellate level. In June 2010, the Court dismissed the § 2255 motion, explaining that Estrada's claims were either "rebutted by the record" or were "vague and conclusory." Civ. Dkt. 10, at 19-20.

In May 2017, nearly seven years after the Court dismissed his § 2255 motion, Estrada filed this motion, asking the Court for relief from his sentence under Federal Rule of Civil Procedure 60(b)(6). The central thrust of Estrada's motion is that his lengthy sentence – 360 months – is unjust because at his age, he will likely remain in prison until he dies.

## DISCUSSION

Estrada has labeled his motion as one brought under Federal Rule of Civil Procedure 60(b)(6). But it does not matter how the pleading is labeled. Postconviction law is complex, and few prisoners understand it. So the substance of a motion governs, not the label. *See generally United States v. Washington*, 653 F.3d 1057, 1059-60 (9th Cir. 2011).

Here, the substance of Estrada's motion reveals that he is challenging the legality of his detention – not some defect in the integrity of the prior habeas proceedings. In other words, Estrada is again seeking relief under 28 U.S.C. § 2255. *See generally Gonzalez v. Crosby*, 545 U.S. 524 (2005). The Court lacks jurisdiction to entertain such a motion.

A.  The Governing Legal Standards

Federal prisoners claiming the right to be released on the grounds that their sentence violates the Constitution or laws of the United States may file a motion under 28 U.S.C. § 2255. "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). If the district court denies the relief sought in the § 2255 motion, the prisoner may not appeal that denial without first obtaining a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B). To obtain this certificate, the prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2), (3).

Additionally, prisoners are generally limited to one motion under § 2255, and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). Section 2255(h) provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h).

Perhaps recognizing that he cannot meet this standard, Estrada characterizes his motion as one under Federal Rule of Civil Procedure 60(b)(6), which allows a party to

seek relief from a final judgment, and request reopening of his case under a limited set of circumstances including fraud, mistake, and newly discovered. Fed. R. Civ. P. 60(b). Subsection (b)(6), the provision under which Estrada has brought his motion, permits reopening when the movant shows "any ... reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). *Id.* 60(b)(6). When faced with such a motion, district courts are tasked with ascertaining whether the motion is a "true" Rule 60(b)(6) motion, or whether it is a disguised second or successive § 2255 motions. *See Washington*, 653 F.3d at 1059-60. Although the Supreme Court has not established a bright-line rule for spotting true Rule 60(b)(6) motions, it has held that a motion attacking some defect in the integrity of the habeas proceedings qualifies. *See id.* (discussing *Gonazlez,* 545 U.S. at 523). On the other hand, if a motion simply challenges the legality of detention, and seeks the movant's release, then it is functionally a § 2255 motion and should be treated as such. *See, e.g. id.; Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007).

**B.     Estrada's Motion**

With these standards in mind, the Court turns to the substance of Estrada's motion. He asks the Court to "correct the unjust sentence he received," explaining that

> [i]n accepting his responsibility, Estrada made the decision to enter a guilty plea to count one of the indictment. In doing so, he was under the belief that he would be sentenced to (or near) a 10 year term of imprisonment. He was wrong. To his surprise, Estrada was sentenced to serve 360 months in prison. In other words, because Estrada is 67 years old he will die in prison.

*Motion,* Dkt. 170, at 1, 3. Given these assertions, Estrada is plainly attacking the

**MEMORANDUM DECISION AND ORDER - 5**

substance of his sentence, not the integrity of the habeas proceedings. The motion must therefore be treated as a § 2255 motion, and it is a second or successive motion. Because the Ninth Circuit has not authorized Estrada to file such a motion, this Court lacks jurisdiction to consider it. The Court will therefore dismiss the motion.

Estrada's citation to *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) does not change this conclusion. *Holloway* is not binding authority and is distinguishable in any event.

In *Holloway*, the defendant and an accomplice carjacked three cars over a two-day period. He was thus charged with three separate offenses, and he rejected an offer to plead guilty to one of those charges. He proceeded to trial and was convicted on all three counts. He was sentenced to prison for 57 years and 7 months, in part because 18 U.S.C. § 924(c) required mandatory, consecutive sentences for multiple violations. The district court noted that Holloway effectively suffered a 42-year penalty for proceeding to trial.

Holloway eventually moved to reopen his § 2255 proceeding under Federal Rule of Civil Procedure 60(b). After Holloway had served roughly 19 years of his sentence, the government withdrew its opposition to Holloways Rule 60(b)(6) motion, indicating that it did not oppose the granting of the § 2255 motion for the purpose of vesting the court with the authority to vacate two of the defendant's § 924(c) convictions.

There are many distinctions between this case and *Holloway*, but a key one is that government has not consented to the relief Estrada seeks. Further, unlike in *Holloway*, where the Court reluctantly imposed a lengthy sentence based on operation of mandatory

minimums in § 924(c), this Court indicated that a 360-month sentence was justified. So although the Court commends Mr. Estrada for his exemplary conduct in prison and his participation in numerous rehabilitative programs, the Court lacks jurisdiction to consider the pending motion.

## ORDER

IT IS ORDERED that:

**(1)** Movant Doroteo Estrada-Jasso's Motion Requesting Relief From an Unjust Sentence Pursuant to Fed. R. Civ. P. 60(b)(6) (Dkt. 170), which the Court has construed as a motion for relief under 28 U.S.C. § 2255, is **DISMISSED FOR LACK OF JURISDICTION.**

**(2)** Movant is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

DATED: November 14, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court